May it please the court, counsel. The United States appeals an order of the District Court striking a statutory aggravating factor from the indictment suppressing evidence the government would offer to prove that aggravating factor. The aggravating factor that the defendant in this case substantially planned and premeditated murders of four people in July of 1993. In contravention of the plain language of the statute which would provide that a single jury in a single hearing decide the issue of both whether the defendant is eligible for the death penalty and should receive the death penalty, the District Court cobbled together a two jury two hearing procedure whereby one had decided that the defendant was eligible for the death penalty and found certain statutory aggravating factors. That verdict would stand and a new jury would decide whether the defendant should receive the death penalty. The result is that the new jury charged with the awesome responsibility of deciding whether Angela Johnson should live or die is bound and barred by decisions made and not made by a prior jury unanimously. So in the prior jury trial the jury found a statutory aggravating factor that the victim, the adult victims were killed in a heinous and cruel manner. Though this new jury may disagree that the evidence shows that, the court's order would bind them to accept that factor even though they did not find it and may not agree with it. The prior jury found that the minor children in this case were vulnerable victims and this new jury. What was the judges rationale for the exclusion? The rationale for the exclusion is that the court found that the in the prior trial there was ineffective assistance of counsel in the defense attorney's presentation of mitigating evidence. And so the district court concluded after the defendants filed a motion to dismiss some of the aggravating statutory factors and non-statutory factors, the court concluded that since he found no error by a defense counsel in the prior trial during the eligibility section of the sentencing hearing, therefore the new trial should be limited simply to the penalty sentencing hearing. The problem with that is that's not what the statute provides for. The statute provides for, by its plain language, a sentencing hearing in which a jury, one jury, decides whether the defendant is eligible and whether the defendant should receive the death penalty. We know this by looking at the the repeated use in the language or in the statute to the singular both with respect to the hearing, so the statute uses the word a hearing and the hearing, and also with respect to the jury. It talks of a jury shall decide this and the jury shall decide that. Nowhere in the plain language of the statute, anywhere, does it contemplate the idea that the decision of whether somebody should die or live in a capital hearing should be decided by two different juries at two different times, and more than that, that a second jury should be bound by decisions made by a prior jury that the second jury may not agree with, and then ask that jury to weigh factors that it did not find. And in this case, bar this new jury from hearing factors or considering factors or considering evidence that the government alleged in the indictment, the grand jury returned in the indictment, and that they cannot decide that factor for themselves, that they are bound not because the prior jury acquitted the defendant of that statutory aggravating factor, but because they didn't find it by unanimous decision. But somehow, because of that, the government is barred in this case now under this court's order from presenting evidence that would show substantial plaintiff premeditation, and the jury is barred from considering that evidence for that purpose, or returning that verdict and finding that statutory aggravating factor, and then weighing that in its decision on whether to impose a death penalty. If we look at the statute, again at the plain language of the statute, section 848J in this case provides that information presented during the sentencing hearing may include trial transcript and exhibits if the sentencing hearing is held before a jury that wasn't present at the trial. So the plain language of the statute, what they're talking about there, they're saying in the case that we're going to have a sentencing hearing separate from a case where the same jury decided guilty because the defendant pled guilty to the crime, or there has been like in this case a new sentencing hearing, that the new jury can consider the evidence and transcripts and exhibits that occurred during the trial. Nowhere in the statutory language does it also say, oh and by the way, if the court then divides up the sentencing hearing in two, the new jury can also consider the transcripts and exhibits that might have been presented during the eligibility portion of the prior trial. There's no language in there that would even contemplate that. If we look at section 848K, it provides the jury shall consider all the information received during the hearing. Again, nowhere in that plain language does Congress at any point talk about that information, including information presented during another portion of another sentencing hearing at a prior occasion. And then if you think about the system that Congress set up here, that this court's approved and the Supreme Court has approved, the system was set up for a deliberative, purposeful review by a jury about whether somebody should be executed or not. And they do that in a couple different ways. One is they narrow the group of people that are going to be subject to the death penalty by requiring the jury to determine if they find statutory aggravating factors present that would make the person eligible for the death penalty. If they find that, then the system provides that that jury will then determine if there are non-statutory aggravating factors and decide whatever mitigating factors might exist. And then the jury is asked to weigh all those factors, to take everything they found that they deliberated on, that they evaluated and decided for themselves, and to weigh all those factors and make a very hard and difficult decision about whether somebody should be executed or not. By the court's order in this case, the court is depriving the jury of the opportunity of weighing all those factors themselves. The jury in this case, for example, will be told under this court's order that the prior jury found substantial planning premeditation as to the fifth murder. Now this jury may hear the same evidence of that fifth murder and may decide differently, but they can't. They're going to be told that it doesn't matter whether you think there is substantial planning premeditation on that fifth murder, I'm telling you there was, and you must now weigh that. And ask a jury to weigh a factor that it did not find and a factor that it may disagree with. Has any circuit court approved this type of, I guess what's referred to as a trifurcation? There is a, no court has approved this type of, no appellate court has ever approved this type of procedure before. There's a difference between bifurcation and trifurcation, if you will, of the presentation of evidence. And so in this case, for example, in the original trial. Bifurcation of the resentencing or bifurcation of the penalty phase. Correct, your honor. So in this case, in the original trial, over the government's objection, the district court ordered and found that the penalty phase would be bifurcated in the presentation of evidence for the reason that the government alleged, among other things, in the non-statutory intervening factors, that there was victim impact. And the victim impact, because we knew from a prior trial of the co-defendant, was very impactful, very strong. And the district court concluded that if the jury heard that evidence before they decided eligibility, that it might influence their decision on whether the person's eligible or not. And since that wasn't a factor on eligibility, the court said as a matter of trial management, we're going to change the presentation, the manner, the timing of when the jury hears that evidence. Not that another jury is going to decide that issue, but the timing of when this jury is going to hear that evidence. And so the court said we're going to first have that evidence come in on eligibility. The jury is then going to decide the case on eligibility. And then if they find eligibility, then we're going to move on. This court has in bold and said that that is not an abuse of discretion for district court to manage the presentation of the evidence during the penalty phase in that manner. No appellate court has ever held that a different jury can decide the eligibility factors and then bind a new jury who then has to decide the penalty in the case. No court has found that. And it's not provided for in the statutory language in this case. The upshot in this case and why the government is prejudiced by the court's decision, not only is it just not right in this case, but it prejudiced the government in the sense that in this case the prior jury, while it found substantial planning and premeditation as to the fifth murder, it did not find it unanimously as to the first four murders. The government would offer evidence and did in the first case that would show that the defendant very much did substantially plan and when the government had a witness who testified against her boyfriend, they hunted for him, they tracked him down, they found him hiding and living with an innocent woman, single mother, with her two little kids. That weeks before the murder she went out and got a gun permit, a handgun permit. That weeks before the murder she bought an assault handgun in a store an hour's drive away from the rope and using a ruse of being a lost saleslady and having the gun and the rope and the duct tape hidden inside a shopping or saleswoman bag, made entry into the house and held the family hostage. That they went there at night at a time that they could have anticipated that the children and the mother would still be there. And then they took him to a predetermined location where the case is now barred from presenting that evidence for the purpose of showing substantial planning premeditation. Now the district court inferred, implied, suggested that it would be admissible for other reasons. That doesn't allow the government though to present its case as alleged in the indictment. The indictment alleges certain statutory factors and among those was the substantial planning premeditation of the first four murders. The district court's order has the effect of striking that portion of the indictment away from it. Now the jury is not also able to determine that. They may look at the same evidence and decide unanimously that there was substantial planning premeditation and they should be entitled to consider that and make that determination on their own. Not be bound by a prior jury. The jury did not acquit the defendant of that prior statutory aggravating factor in that prior case. It simply didn't find it on a reasonable doubt. But the effect of the court's order is as if to find that the defendant was acquitted of that statutory aggravating factor and therefore the government can't present it in this case. And the government believes that it's prejudiced in that sense. Counsel, the appellee has raised questions about our jurisdiction to hear the government's appeal here. Are you going to respond to that? Yes, your honor. And we did in the brief as well. In the first instance we believe this is a case that's appealable under section 3731 for a couple reasons. Both because it suppresses evidence and because it strikes a portion of the indictment. The indictment again alleges as part of the indictment as part of what the grand jury found that the defendant engaged in substantial planning premeditation in the first four murders. The court's order now strikes that. It's not because again of acquittal. It's simply because of the effect of the court's order. So the government, even though it's alleged, even though the grand jury found it, the government cannot apparently now assert that in this trial. The court's order also suppresses the evidence for the purpose of proving that aggravating factor. The government cited in its brief the Del Torre case, where in another capital case, I think it's 11th Circuit Court of Appeals, found jurisdiction to hear the appeal under 3731. Where a similar ruling was made where the court barred certain evidence for a particular purpose. Said it might come in for other purposes, but it can't come in for this purpose. And the Court of Appeals there said that is suppression of evidence. And we will not read into the statute. We will not read into 3731, which is supposed to be interpreted liberally. We will not read into that statute a provision that the court must strike and suppress evidence for all purposes before the court can appeal. So we believe jurisdiction lies in this court under section 3731. In the alternative, we also believe it lies in this court under the collateral order doctrine. In this case, we have an order entered by the court that does not address the merits of the case. It has to do with the court's interpretation of statutory procedure. And it's in a manner that the if the jury does not return a death verdict in here, we can't appeal at that point because of double jeopardy. The case is done. Trial is over at that point. If the jury finds the defendant should be executed, it's moved at that point. So this issue that has the potential for rising again because courts are going to in the future find, just as this court did, that defense counsel are ineffective during the penalty phase and have a new sentencing hearing, this issue will come up again. The the danger this court present or this precedent has a present may present is broader than this case alone. The government can anticipate and the defense suggests in their brief that another prosecutor down the road may not like what we're doing here today. Because in another case down the road, the prior jury could have found every statutory aggravating factor alleged by the government. And the government presumably would be coming in saying this is great. Now we can cite this case as precedent to say, your honor, the defendant does not get a full sentencing hearing. The jury is bound by the prior decision by the on aggravating or the statutory factors, the eligibility factors, because the court didn't find any error there. And now this defendant is deprived of the opportunity of having this jury decide that. And while that may be the case, and in a future case the government may be at a disadvantage, the fact is it's not right. It's not right and it's not what the statute provided. In this case, and in any case, when we're asking a jury to make the very difficult and momentous decision about whether somebody should live or die, that jury ought to be in a position where it can make all of the decisions on statutory and non-statutory aggravating factors. Where it can decide what exists and what doesn't exist, and then be in a position to realistically weigh those factors in making the decision it has to make. This case is one where this jury is going to be barred from making certain decisions and bound to make other decisions because of a prior jury. And that's simply not provided for anywhere in the case. I have a question. I'm not sure if it's appropriate to ask a question at this point. Of what effect is the district court's refusal to rule on the other pending motions? The motions in limine, Your Honor? Yeah. Had the court ruled on the motion in limine, it would be something this court could address at this point. It would be, I suppose, in a sense, easier for the government to say look at the evidence that the court has suppressed in this case. The defense, who in the brief will come in. Well, the fact is they filed a motion in which they sought to, in their opinion, under the court's order, 29 different categories of evidence should be suppressed under the court's order because, in their view, it only goes to substantial plaintiff premeditation. Now, had the court ruled on that and ruled in that way, it would be easier for me under section 3731 to identify specific evidence that was suppressed as to all purposes. But suppose we were to rule in the government's favor those motions on this point. You go back, what will happen next? The district court will rule on those other motions in limine? That would be moved at that point, Your Honor. If this court... If we hold that this evidence should be submitted to the jury, that's the end of the in limine motions? In that in limine motion, yes, Your Honor. The current in limine motion says that because the court has said the evidence doesn't come in for substantial plaintiff premeditation, the rest of it is suppressed. Okay. So there's no danger of another appeal? Interlocutory type from suppression? I suppose there... Let's imagine the court affirms the district court and says the court was right. Then the district court is going to enter an order on the motion in limine and may say that the evidence, certain evidence, let's say the assault pistol weeks before, the court may say that that evidence is only relevant for the purpose of substantial plaintiff premeditation, so therefore the government cannot get that into evidence. So there is a potential under those circumstances the government may disagree and may say, no, we think it's admissible for some other reason, and we may be in a position where we need to seek interlocutory appeal on that motion in limine. I see. Very good. I reserved 10 minutes of my argument for rebuttal. At this point I would, unless the court has any immediate questions for me, I would sit down at this point. Very well. Thank you. We'll hear from the appellee. May it please the court and counsel, my name is Marcia Morrissey, and I represent the appellee, Angela Johnson, along with Michael Burt, who joins me at council table today. And we note that you were appointed under the Criminal Justice Act, and we, of course, express our appreciation for your willingness to continue in this case. Thank you, Your Honor. It's our privilege to continue. The district court's ruling that Ms. Johnson's retrial is to be commensurate with the relief granted is correct and should be affirmed. Ms. Johnson's trial in 2005 was divided into three different phases. The merits phase, which determined guilt, innocence, eligibility for the death penalty phase, and then the penalty selection phase. In 2255 proceedings, Ms. Johnson did not raise any error with respect to the eligibility phase of the trial. In 2012, when the district court granted relief, the court granted relief as to the penalty selection phase based on ineffective assistance of counsel at that phase. Subsequently, the district court refined its ruling and ordered that the scope of the retrial would be limited to the error found at the penalty selection phase. Your Honor, it's the same statutory language that gives the district court discretion to trifurcate the trial. It cannot be said to disallow the court from ordering a retrial that is commensurate with the relief granted. Counsel, the jury in the first trial heard both the penalty phases? Yes. Actually, the eligibility phase, which is whether the statutory requirements for death penalty eligibility did not consist of any new evidence. It was just argument by the parties on the evidence presented at the guilt phase. But the jury heard guilt, penalty, guilt eligibility, and then the penalty selection phase. So why shouldn't the next jury hear everything the first jury did? It will hear everything the first jury will have heard, Your Honor. The district court has ruled that it does not read the statute as requiring the court to limit evidence of the retrial to the reporter's transcript and the exhibits at the original trial. The district court has ruled that the prosecution will be able to present actual witnesses and will be able to fully present the guilt phase evidence that was the basis for both the guilt phase findings and the eligibility findings. So the prosecution will not be hampered. How will that evidence be presented? It will be presented by witnesses. We have a 75-80 witness list that we've received from the government before this interlocutory appeal. Well, let's see. What will the government not be able to present? The only thing the government would be precluded from doing, and this is not a question of presenting evidence. It's in terms of argument. The only thing the government would be precluded from doing is arguing to the jury that there was substantial planning and premeditation as to the July 1993 crimes. And the basis for that ruling was what? The basis for that ruling was the district court's finding that there was no error at the eligibility phase, and therefore the retrial should be confined to the penalty phase. Essentially, Your Honor, the prosecution in this case at the retrial, if Judge Bennett's order is upheld, will be in the same place that it was at the beginning of the penalty selection phase in 2005. It will not be able to argue substantial planning and premeditation as to the error that was not found by the jury in 2005. There's no difference in the prosecution's posture if Judge Bennett's ruling is followed and the way the prosecution appeared before the jury in 2005. I'm sorry. The district court's ruling was based upon its finding that there was no error in the first jury's findings or rulings? Yes. The court, we didn't raise penalty eligibility phase error, and the court didn't find any penalty eligibility phase error. What did it find?  Because they did not properly discover and present evidence in mitigation that should have been presented. Why should that preclude the government from presenting all the evidence it has at hand? It can present all the evidence it has at hand. The only thing it cannot do under the judge's order is to argue that the jury should find substantial planning and premeditation as to the 1993 crimes. In other words, the district court granted only partial relief to you? Yes. And, Your Honor, it was a difficult decision to take this position. I don't want to be flippant about this, but don't you have to take the bitter with the sweet? Your Honor, our view is that the court granted relief as to the penalty phase and that legally it was appropriate to retry only the penalty phase. You know, that was simply our legal analysis of the situation. We could have made tactical decisions, but one that was legally sound. I assume that the defendant then could benefit from a complete retrial in the sense that the jury could come back and not even find death eligibility. Well, Your Honor, that's correct. In fact, subsequent to the court's – the district court has entered rulings that, for example, precludes us from at this point legally challenging by way of motion in limine, both the substantial planning and premeditation aggravator as to count five and the heinous, cruel, and depraved aggravator as to three of the homicides. We believe there are legal challenges that could be made, but we will not be able to make them. But if the government's appeal succeeds, would the jury be open to do it? If the government's position – yes. You would then, again, both sides be retrying both phases of the penalty phase? We would be retrying both phases, and prior to the retrial, we would be re-litigating the applicability of the statutory aggravators that the government has alleged. How will the jury, if this order is upheld, how will the jury be instructed regarding the first jury's findings? The jury will be told, much as it would if there were only two phases of the trial, the guilt phase and a combined eligibility penalty phase. The jury will be told that a prior jury found Ms. Johnson guilty of these crimes, and they will be told that a prior jury found Ms. Johnson, the following statutory aggravators, to be present and that they are bound by those findings, something that happens in capital retrials commonly. Your Honors, we believe that we're here today because the prosecution seeks to effectively set aside the jury's verdicts on the eligibility phase and to expand the scope of the retrial beyond the relief granted by the district court. And the prosecution has been candid. It disagrees with the eligibility findings or lack of eligibility findings by the jury as to the 1993 murders. It disagrees and thought that the substantial planning and premeditation should have been found as to the July 1993 crimes. And it wants to retry the eligibility phase with the same evidence that was heard by the jury because it hopes to do better this time. Let me briefly talk about jurisdiction, Your Honor. Prosecution cannot appeal the original jury's findings. So as I think Judge Woolman inquired into this, but in essence if you're representing others who would be similarly situated to your client, don't you think there might be others who would like the opportunity to retry the eligibility phase? But if we were to follow what you're recommending for those defendants, that won't be possible. It won't be possible, Your Honor. I mean, this rule in essence prevents the parties from kind of jockeying for the most favorable position for their client. It imposes a rule of law order that where there is a trifurcation phase, a trifurcated trial, and relief is granted as to the last part of the trial, that is the scope of the penalty retrial. It prevents the prosecution from coming in in this case, for example, and saying that, well, the jury got it wrong, we disagree, we think we can do better, so we want to retry it. It prevents defense counsel in a case where the lawyer believes that there is insufficient evidence to prove non-statutory aggravators found by the prior jury. It prevents that attorney from coming in and saying, we want to redo the eligibility phase because we think we can do better at that phase. If I may continue, the prosecution cannot appeal the original jury's findings at the eligibility phase. That much is clear. Prosecution cannot appeal at this point in time the district court's order granting a retrial as to penalty phase on the 2255 motion because that does not become a final judgment until Ms. Johnson is resentful. We think that given this precedent, the prosecution ought not to be allowed to appeal the eligibility verdict and to appeal the 2255 ruling by invoking Section 3731, which allows an interlocutory appeal from, as the court knows, suppressing or excluding evidence or dismissing all or part of an indictment. We disagree with the government's assertion that United States versus deletory is directly on point. I won't repeat the facts of deletory because Mr. Williams did that, but I will suggest that what distinguishes this case from deletory is first that the order being appealed from is a ruling on a 2255 motion, not a pretrial in limine ruling, and second, the fact is that in this case, unlike deletory, there was no jury verdict, no jury findings to deal with, and these were eligibility findings that were unanimous and beyond a reasonable doubt. So we believe in a very different posture from deletory. Moreover, the government's argument that this is a case where the district court suppressed evidence or dismissed part of an indictment has merit only if the court accepts the second part, which is the substantive argument made by the government that the district court erred in limiting the scope of retrial to the relief granted, and in ruling that the prosecution can't relitigate jury findings beyond a reasonable doubt and with unanimity. If the court had the discretion to limit the retrial to the relief granted, then there has been nothing excluded. The order in this case is... The question is, does the district court have that discretion? You seem to assume it. Yes, Your Honor. I don't. What is your principal case? I don't assume anything. Oh, I know. Okay. What is your principal case for that proposition? The principal case from that proposition would be this Court's decision in United States v. Bolt Bolden, which discussed the Second Circuit's opinion in United States v. Fell, and ruled that Fell's statements about the trifurcation of a trial being in the sound discretion of the trial judge is a solid reading of the statute. I am blanking on the Court's exact words, but it did approve that. So that given the fact that the judge had the authority to try to trifurcate, I think it must follow that the Court has the authority to grant relief consistent with... to order a retrial consistent with its grant of relief. I think the Court would abuse its discretion if it went beyond the narrow basis of the reversal in this case for penalty phase in effective assistance and, for example, opened up the eligibility phase again or, indeed, opened up the guilt phase again, because, after all, the jury is going to be saddled with the guilt phase verdict, and the prosecution doesn't suggest that that's something that should never occur. The order in this case is unlike many of the other cases that have considered 37 through 31 in this context. This order does not dismiss a death notice, as was the case in United States v. Musawi. It does not declare the relaxed evidentiary standard of the Federal Death Penalty Act to be unconstitutional, as was the case in United States v. Fell. It does not declare the Federal Death Penalty Act inapplicable to the state of Iowa, which is what happened in United States v. Acosta-Martinez, which held that the Federal Death Penalty Act didn't apply to the territory of Puerto Rico. And it doesn't hold the Federal Death Penalty Act unconstitutional, as in United States v. Quinones. In those cases, the courts had no problem finding jurisdiction, because there was, by the court's order, a material alteration of the trial. The orders rendered the case noncapital. The orders meant that it would not be tried by a death-qualified jury. In this case, the court's order does none of those things. The case is capital. It will remain capital. Well, if it's not appealable, how would the government obtain review of this question? Some questions the government cannot obtain review of, and I think this is one of them. I mean, I certainly don't think that the collateral order doctrine is appropriate. I think that there was some disagreement by the government of our statement that the government must show some irreparable injury or a right that would last. I think that's a solid reading of the doctrine, which is based on this court's decision in Inri Cessna distributorship antitrust litigation, which in turn is repeated in Cohen v. Beneficial Industrial Loan Corporation and Mohawk Industries v. Carpenter. But our position is that the government has no right to seek review of the first jury's eligibility phase verdicts because it disagrees with them, and it has no right to seek review of the district court's 2255 ruling because Ms. Johnson hasn't been resentenced. So if there is no right at issue, how could the government lose a right and because of the loss of that right invoke the collateral order doctrine? If the issue is whether delaying review on this case would imperil a substantial public interest or some particular value of a high order, I think the answer must be no. The case is now and will be a capital case. I'm going to briefly talk about mandamus because it's a drastic and extraordinary remedy that is reserved for truly extraordinary situations. It is invoked where there are exceptional circumstances amounting to a judicial usurpation of power or a blatantly wrong ruling by the district court. Under this court's statements in United States v. Bolden, trifurcation is a matter within the sound discretion of the district court. And the district court's decision... Trifurcation is one thing, but limitation is another. But I think the court's order to... consistent with the relief granted is the driving principle. You know, there were three phases of the trial. If there were not three phases of the trial, we wouldn't be here today because it would all be up for re-review. But there were three separate phases of the trial. And having divided the case into three phases... But it's really kind of... I mean, the second two phases aren't really different. I mean, it's really the same issue of imposition of the death penalty. It only becomes three. For instance, I assume if the jury were not to find the person death eligible, there wouldn't be a third phase. That's correct. And they are different in the sense that the death eligibility factors must be charged in the indictment and they must be found unanimously and beyond a reasonable doubt in order to get to the penalty selection phase. So in that sense, the eligibility phase is much more akin to a guilt phase proceedings because the same burden of proof, standard of proof, applies. At the penalty selection phase, the issues of confrontation cause, issues of the relaxed evidentiary standard comes into play. So there is... Parties are allowed more latitude in introducing evidence at that phase. So I would... Eligibility and penalty both concern the death penalty, but only in the sense that unless the requirements of statutory mens rea, statutory mitigating factor are found beyond a reasonable doubt by unanimous jury, you never get to the second phase. So again, I've read and re-read those portions of Judge Bennett's very, very lengthy opinion. He granted relief because of ineffective assistance of counsel with respect to what? With respect to counsel's failure to present mitigating evidence to the jury at the penalty selection phase. Correct. And he goes on at some great specificity. Like the neuropsychologist or whatever it's called. But that related only to what portion of the penalty phase? That related only to the penalty selection portion of the penalty phase. So the counsel were not ineffective with respect to any other aspects of the penalty phase? No, Your Honor. There were multiple errors that were raised. And Judge Bennett didn't grant relief on each of the errors with respect to counsel. No, no, no. He was very specific. Yes. So is it your argument then that ineffective assistance didn't infect or affect all elements of the penalty phase? Well, I'm... From your standpoint, it may have. But realistically, in terms of the district court's finding? In terms of the district court's finding, they're entirely different issues. I mean, we... It's hard to believe that ineffective... We argued ineffectiveness at guilt phase and penalty phase. It's hard to argue ineffectiveness at an eligibility phase when there's only our argument. But that is how the case stands. Your Honor, if I may address the standard of review. Yes, you may. Because Ms. Johnson believes that the standard of review is abuse of discretion and the prosecution characterizes it as a question of statutory construction that is reviewed de novo. I think there are two points that I'd like to make that I think demonstrate that the prosecution is wrong about the standard of review. First, the prosecution has conceded in its reply brief that the original order of trifurcation was a matter of trial management, hence subject to an abuse of discretion standard. If the initial decision to trifurcate is reviewed by an abuse of decision standard, not statutory construction, it seems to me that the decision to limit retrial to the relief granted ought to be subject to the same standard. Second, the prosecution urges that this court has jurisdiction because the trial court's order excluded or suppressed evidence. While we disagree with this characterization of the court's order, if the issue is exclusion of evidence by the district court, then the standard of review should be that for exclusion of evidence, which is an abuse of discretion. We think that the prosecution's characterization of the standard of review as statutory construction is properly viewed as an effort to avoid review under the more deferential standard of abuse of discretion. Finally, I'd like to return to the merits briefly. Again, the government doesn't challenge the district court's discretion to order separate trials for eligibility and for penalty selection. The court's order was fashioned in an effort to preserve those aspects of the jury's verdict that it could. The court was concerned, we believe, about the integrity of the jury's findings of guilt at the eligibility phase. The prosecution, which has no right to challenge the eligibility phase for verdicts or appeal at this point, the 2255 ruling seeks to do that. It believes the jury rendered a bad decision at the first eligibility phase. I don't think that the prosecution's complaints about the jury being saddled with empty labels at the retrial ought to be taken seriously because, as I've explained, the district court has ruled that all of the information from the guilt phase, hence everything that the jury had with which to find verdicts at the eligibility phase, will be coming in. The government will be able to argue the heinous, cruel, and depraved aggravator as to the deaths of the three adults. It will be able to argue the vulnerable victim aggravator as to the two children. It will be able to argue substantial planning and premeditation as to Terry Degoose. And as to all five deaths, the government is free to argue the statutory aggravating factor as to intent, which is found by the jury, which basically said the defendant intentionally engaged in conduct, intending that the victim be killed or that lethal force be employed against the victim, which resulted in the death of the victim. It is difficult, in my mind, to articulate a truly meaningful discussion between that statutory mens rea and substantial planning and premeditation, other than the mens rea in aggravator doesn't include the word substantial. This is a ruling that doesn't affect only the prosecution. It's a ruling that would preclude the defense from challenging the applicability of statutory aggravating factors of heinous, cruel, and depraved and substantial planning and premeditation, which we believe should not have been even presented to the jury as to Ms. Johnson, because the statute requires that the defendant committed the offense in a heinous, cruel, and depraved manner. And the substantial planning and premeditation also say the defendant committed the offense. And there's case law out there which says the defendant meets the defendant, not an aider, an abetter, or a co-conspirator, as was Ms. Johnson. Counsel, would this case have any implications outside of death penalty cases? I don't believe so, Your Honor. It's a unique fact situation that's inherent in death penalty cases. I can't imagine it having any application outside this area of the law. Once we're back to the basis for the district court's decision, was it because of an unfair prejudice, or just because there was no error in the district court's finding with respect to the finding of only substantial planning as to the one murder? I'm trying not to confuse my mind more than it already is. But really, ultimately, what was the basis of the district court's decision, that it would be unfairly prejudicial? No, the court, it was more, this is the relief I granted, and this is the retrial you're going to get. It was, I think, more orderly than that. It's not an issue of double jeopardy. You made that very clear. The district court was very clear. The statute, Your Honor, contemplates sequential presentation of information, if and only if the required statutory aggravation is found of the gateway mens rea element and the one or more statutory aggravating factors, does the jury get to hear about non-statutory aggravation and mitigation, and then ultimately go on to weigh the decision. The judge's order limiting retrial to penalty selection, we believe, aligns with the statutory scheme, with the case law that authorizes trifurcation in appropriate cases, and with the only other case law we've found. Well, I'll summarize. I base my conclusion, and Nate talks about it, only on the process for making the penalty determination under the pertinent provisions of former 848 and the lack of any allegation or finding of error in the eligibility phase of the 2255 proceedings. Well, that's part of his review. Fairly straightforward. There is an unpublished case, United States v. John Johnson, out of the Eastern District of Louisiana, which confronted this situation. The court trifurcated the case. It granted relief on penalty selection phase, denied relief on guilt and eligibility, and a retrial was ordered on penalty selection. So that is the authority that we can bring to you. My time is up. What did you just cite? United States v. John Johnson. It's an unpublished case. It's cited. Well, it's the first and last pages of the opinion. It's very lengthy. It's cited in Pelley's addendum at pages 8 and 9. Okay. Okay? All right. Thank you, Your Honors. Thank you for your presentation. We'll hear from the government on rebuttal. Your Honors, the government here is seeking only the relief that the district court originally ordered in this 2255 order. In that order, the court found that there had been error by the trial counsel from the defense counsel, and I think it's important to note that the court found no government contribution to the error, that the government did nothing in the original trial to cause error. It was the defense counsel who the court found to be ineffective. And in this ruling, granting a new sentencing hearing, the court used that language. We are going to have a new sentencing hearing. We're going to have a new sentencing hearing under the provisions of 21 U.S.C. Section 848, subsections G through O, unless the government provides notice that it's not going to seek the death penalty. We provided notice that we were demanding that hearing, and the court granted it, and the parties moved forward toward trial on a sentencing hearing. It was only after the defense filed a motion to dismiss the government's statutory and non-statutory aggravating factors, and the government resisted it, that in a reply brief in what the district court described as the defendant's epiphany, they suddenly decided that they wanted to limit the retrial to only the penalty selection phase. So the government here is not appealing the district court's original order granting a new sentencing hearing. While we may disagree with it, we agree with the defense that it doesn't appear that the government can appeal that order until we spend a lot of money and a lot of months trying this case all over again. But that's not what we're appealing. We are appealing a later order entered by this district court in deciding on how this new trial is going to be tried. And in that case, the court has said that we're now going to only try a portion of it. Now, the defense repeatedly relied upon and cited and articulates that this is nothing different from trifurcation or bifurcation of the penalty phase. It is fundamentally different from that. When the court is bifurcating the penalty phase or trifurcating the entire capital case, what the court is doing is deciding when the jury will make decisions and hear evidence about aggravating factors. When, not if. The order in this case is deciding if. It's deciding that this jury shall not even hear or make the decision on aggravating factors. In fact, the court has decided in this case that this new jury will never get to make that decision. This new jury who's going to be charged with this awesome responsibility of weighing all these factors are going to be told what factors they have to weigh without having an opportunity to decide those factors for themselves and be able to figure out how much. We know that, and of course I keep coming back to, and as Judge Smith asked early on, what was the basis, what caused the district court to reach this conclusion? That you would not be able to introduce the, what does it boil down to? The substantial planning for the murders of. The first four victims. The first four victims. In July of 1993. Those are the only, I shouldn't put only things, but that is the evidence that you will be precluded from presenting it. Yes, and for that purpose. And so the district court reached that decision, again, because the defense in their reply brief decided that since the court had only found error by the trial counsel during the selection penalty phase, that therefore the new trial should only be as to that portion of the hearing. And the court agreed with them and ultimately said, yes, since I only found error there, that's the only portion of the retrial we're going to have. What's missing from the court's analysis, or where the court got it wrong, is that there is nothing in the statute that provides for that. There is no provision. In fact, it's contrary to the plain language of the statute, and it's contrary to what Congress contemplated when it set up this very elaborate system for having a jury make these hard decisions. And so you're saying if some defect occurs in the proceeding and one aspect of the second two phases in a trifurcated case, such as ineffective assistance of counsel, that in all cases when there is an order for a rehearing, it will be complete. There won't be any aspect of it that will be done. Absolutely. It will always be a complete redo of the hearing. Of the sentencing hearing. Complete hearing process. Absolutely. And that's what Congress designed. And, again, I keep going back to this. If you look at the plain language of the statute, that's what it talks about. It talks about a jury making this decision of both aggravating statutory factors and eligibility and the non-statutory aggravating factors. It talks about a hearing, the hearing. That's the plain language of it, and that's the scheme that Congress designed. And so if a court finds that there is no error, as it did in this case in the guilt phase, but finds that there is error in the sentencing phase, then for fairness to all the parties and fairness ultimately to the jury who has to make this decision, we have to redo the sentencing from the beginning because that's where the error lies. You can't take part of the sentencing and say we're only going to redo part of it. Imagine, for example, if the error was that during the closing argument in the penalty phase of the trial, the court found that there was error somewhere there. Either the government said something wrong or the defense said something wrong. If you take it to its logical extreme, then we would have retrial that only consisted of closing arguments and the jury be told everything that happened beforehand and be bound by that. It's not that absurd in this case, but it's nearly that absurd in this case because we're asking jurors to be bound by and weigh factors that they never found and they may disagree with and then be precluded from considering evidence for factors that are alleged in the indictment, but apparently they can't here. And that's not what Congress designed. That's not what was in place here. Now, the defense counsel mentioned that the government has no problem with the court or a new jury being saddled, if you will, with a prior guilt verdict. Well, that's true because of two things. One is the statute provides for that. The statute contemplates a situation where a jury will decide only the sentencing hearing. There is no such provision for a portion of the sentencing hearing. And the other thing is there's a fundamental difference between a jury accepting guilt verdict and being told the defendant's guilty, now you're going to decide the sentence, and being told you have to accept certain aggravating factors, and that is because the jury doesn't weigh guilt. Guilt is simply a fact of the person's guilty. Nowhere in the weighing process does the fact of guilt get weighed. Contrast that, in this case, to the statutory aggravating factors. Those get weighed. The jury has to wrestle with those and determine how much weight, how much significance, how much importance do those factors have in determining whether this person should live or die. That doesn't happen with guilt, and so that's why the system can work in a situation where we have a guilt decided and we have a new jury decide the sentence. But when we do that, they need to decide everything. They need to decide everything from the beginning, just like they would in any sentencing hearing. The difference, again, between the trial management and a decision that would be reviewed for discretion is, again, what is the court doing? Trial management decides when the jury was going to hear the statutory aggravating factors and eligibility and when the jury was going to make that decision in relation to the other evidence. That's a trial management decision. It's not trial management when the district court decides if the jury is even going to hear that evidence to begin with. That's when it goes to statutory interpretation, and the court has stepped beyond any discretion at that point and has simply misinterpreted what the statute allows and what relief or how a new capital hearing should be tried under those circumstances. Again, to the extent that the defense continues to rely on the Bolden decision, the Bolden decision, again, dealt with the bifurcation of the presentation of evidence during a capital sentencing hearing. It didn't deal with whether the jury gets to decide it at all. It's simply on the order and the timing of when the jury gets to hear the evidence and decide the evidence in this case. Again, the government is seeking here simply to have the order put in place that the district court ordered when it issued relief in 2055, and that is they said we're going to have a new sentencing hearing under the procedures set forth by the statute. That's all the government's asking for. We're asking for a clean slate where this jury has the opportunity to make all the decisions it needs to make in order to determine whether somebody should live or die and not be bound by decisions made by a prior jury that they can't affect or change and not be barred from considering evidence that the government alleged in the indictment was found by the grand jury and ought to have an opportunity to present. Thank you, Your Honors. We thank both sides for the argument. It's a challenging case to consider, and it is now under submission, and we will take it under advisement. The court will be in recess.